**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 17-22866-CIV-COOKE/GOODMAN**

MARIE BERNAL,

      Plaintiff,

v.

CUPRYS AND ASSOCIATES
ATTORNEYS AT LAW CORP,
et al.,

      Defendants.

_____/

**REPORT AND RECOMMENDATIONS ON**
**MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff Marie Bernal ("Plaintiff") filed an unopposed, verified motion for attorney's fees and costs pursuant to 29 U.S.C. § 216(B) and Southern District of Florida Local Rule 7.3. [ECF No. 25]. Plaintiff requests $3,244.50 in attorney's fees and $639.00 in costs. [ECF No. 25, pp. 1-2]. Plaintiff also filed a bill of costs, a memorandum of law supporting Plaintiff's bill of costs, process server invoices, and her counsel's billing statement. [ECF Nos. 24; 24-1; 24-2; 25-1; 25-2]. United States District Judge Marcia G. Cooke referred Plaintiff's motion to the Undersigned. [ECF No. 26].

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant in part** and **deny in part** Plaintiff's motion. The Undersigned **recommends** that the District Court **award $2,866.50** in attorney's fees ($378.00 less than

the $3,244.50 requested) and **$482.00** in taxable costs ($157.00 less than the $639.00 requested), totaling **$3,348.50**.

## I.      BACKGROUND

Plaintiff filed this action against Defendants, alleging minimum wage violations under the Fair Labor Standards Act ("FLSA"). [ECF No. 1]. Defendants sent Plaintiff an offer of judgment pursuant to Federal Rule of Civil Procedure 68, where Defendants agreed to pay Plaintiff the full amount of damages alleged in her complaint. [ECF Nos. 1-3; 20-1]. Plaintiff filed her acceptance of the offer of judgment on the docket. [ECF No. 20]. Judge Cooke then entered an Order administratively closing the case upon notice of Defendants' offer of judgment, and required the parties to file a joint motion for approval of the settlement agreement with the executed settlement agreement included as an attachment. [ECF No. 21].

Instead, the parties filed an unopposed motion for entry of judgment, which indicated that "there is no settlement agreement between the parties." [ECF No. 22, p. 1]. This motion also requested that the Court retain jurisdiction to determine Plaintiff's reasonable fees and costs. [ECF No. 22, p. 3].

Judge Cooke entered an Order granting Plaintiff's motion for entry of judgment. [ECF No. 23]. In that Order, she reviewed the accepted offer of judgment for fairness pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). [ECF No. 23, pp. 1-2]. She also entered final judgment against Defendants and in favor

of Plaintiff in the amount of $801.14 and retained jurisdiction to determine Plaintiff's fees and costs. [ECF No. 23, pp. 1-2]. Plaintiff then filed the instant motion for attorney's fees and costs. [ECF No. 25].

## II.    PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES

A prevailing party is not ordinarily entitled to recover attorney's fees from its opponent. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, the FLSA explicitly provides that the court "shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Therefore, fee awards are mandatory for prevailing plaintiffs in FLSA cases. *See Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorneys' fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). Plaintiff is the prevailing party because this Court entered a final judgment in her favor. [ECF No. 23].

Plaintiff is asking for $3,244.50 in fees, which is 10.3 hours multiplied by counsel's rate of $350.00/hour, with a 10% reduction of the total sum. [1]

---

[1]    10.3 hours multiplied by a rate of $350.00/hour amounts to $3,605.00. However, Plaintiff is only seeking $3,244.50 in fees because that sum takes into account counsel's previous agreement to apply a 10% reduction to the total fees. Thus, any further reduction of hours recommended by the Undersigned will apply a 10% reduction to the total sum.

3

A. **Amount of Attorney's Fees**

Although Defendants do not oppose the amount of attorney's fee sought, the Court must still determine whether the requested amount of fees is reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). This amount is typically referred to as the "lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163–64 (11th Cir. 2008).

The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). This lodestar amount may then be adjusted upward or downward based upon other considerations. *Hensley*, 461 U.S. at 433-37. The applicant bears the burden of documenting the reasonableness of the hours expended and the hourly rate. *A.C.L.U. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

1. *Reasonable Hours Expended*

The Undersigned must evaluate the reasonableness of the total hours expended by Plaintiff's attorney. The Undersigned should exclude compensation for hours that are "excessive, redundant or otherwise unnecessary." *Norman v. Hous. Auth. of the City of Montgomery,* 836 F.2d 1292, 1301 (11th Cir. 1988) (quoting *Hensley*, 461 U.S. at 434). The Court must omit those hours which would be unreasonable to bill a client "irrespective of the skill, reputation, or experience of counsel." *Id.*

4

Plaintiff is seeking 10.3 hours for attorney Elliot Kozolchyk's work. [ECF No. 25-1]. This total amount of hours is reasonable when comparing it to the number of hours recovered by attorneys in similar FLSA cases. *See, e.g., Echavarria v. Am. Valet Parking Mgmt.*, No. 9:14–CV–80770–WPD, 2015 WL 12746115, at *1 (S.D. Fla. Aug. 7, 2015) (finding counsel's expenditure of 20.2 hours on FLSA case as reasonable).

However, after reviewing Plaintiff's counsel's billing records, the Undersigned finds that billing 0.3 hours to prepare the motion for an extension of time is excessive as it is a simple and routine task. *See Morais v. Rhino Holdings One, Inc.*, No. 17–CV–80001–RLR (S.D. Fla. June 2, 2017), ECF No. 35, pp. 4-5 n.1 (reducing counsel's billing for routine matters such as motions for extension of time). Therefore, the Undersigned finds that Plaintiff's counsel's recovery for time spent preparing the motion for extension of time should be reduced by 0.2 hours.

In addition, Plaintiff's counsel lists three separate entries for the process of preparing her motion for attorney's fees and costs, which totals 1.7 hours. [ECF No. 25-1]. The Undersigned finds that the amount of time spent on these filings is unreasonable and should be reduced by 1 hour. This is because Plaintiff's filings do not contain applicable legal citations or analysis.  Rather, the only cases cited in Plaintiff's filings are the legal standards that are included in all fees and costs motions, requiring a simple cut-and-paste job. Accordingly, the Undersigned finds that the recoverable hours expended by Plaintiff's counsel should be reduced from 10.3 hours to 9.1 hours.

2. *Reasonable Hourly Rate*

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation. *Norman*, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id.* In determining the prevailing market rate, the Undersigned should consider several factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996).

Plaintiff requests $350.00/hour for her attorney Elliot Kozolchyk's work in this case. [ECF No. 25]. This rate is reasonable as it is in line with rates *recently* approved in other FLSA cases in this district. *See, e.g., Echavarria*, 2015 WL 12746113, at *2 (finding $375.00/hour to be reasonable). In addition, Plaintiff's counsel is an experienced FLSA lawyer, who has previously been awarded fees at a $350.00/hour rate by courts in this district. *See, e.g., Morais,* 17–CV–80001–RLR, ECF No. 35 (awarding Mr. Kozolchyk a $350.00/hour rate for fees in an FLSA case).

Therefore, after weighing all of the evidence submitted and the relevant factors, including awards in similar cases, the experience of Plaintiff's attorney, and the skill

required to perform the work in this type of case, the Undersigned finds that the hourly rate sought by Plaintiff's attorney is reasonable.

The Undersigned finds that Plaintiff's counsel reasonably expended 9.1 hours on this case, at a reasonable rate of $350.00/hour, amounting to $2,866.50 in attorney's fees.

## II.    PLAINTIFF'S REQUEST FOR COSTS

Plaintiff seeks $639.00 in taxable costs, as follows: (1) $400.00 in fees of the clerk, and (2) $239.00 for service-of-process fees. [ECF No. 25].

### A.   Applicable Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides that "unless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees —- should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Southern District of Florida Local Rule 7.3(c) establishes guidelines for a bill of costs, specifically referencing 28 U.S.C. § 1920, which provides that:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

S.D. Fla. L.R. 7.3(c).

Although the prevailing party is entitled to costs, the court can still exercise its discretion in awarding the costs enumerated in § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). A court is limited to taxing only those costs specifically authorized by statute. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

**B. <u>Analysis</u>**

1. *Fees of the Clerk*

Plaintiff first seeks to recover the $400.00 filing fee paid to the Clerk of the Court. Plaintiff is entitled to reimbursement for this filing fee as it clearly falls within the scope of costs that are taxable under § 1920(1). Therefore, the Undersigned **recommends** that the District Court **award** the $400.00 filing fee to Plaintiff.

2. *Fees for Service of Summons and Subpoena*

Next, Plaintiff seeks to recover $239.00 for service-of-process fees. Section 1920(1) states that the "fees of the clerk and *marshal*" may be taxed as costs. The Eleventh Circuit has held that "private process server fees may be taxed pursuant to §§ 1920(1) and 1921," provided that these fees do not exceed what it would cost to have a U.S. Marshal effectuate service. *W&O, Inc.*, 213 F.3d at 624. Section 1921(b) states that "[t]he Attorney General shall from time to time prescribe by regulation the fees to be taxed and collected under subsection [1921(a)]." 28 U.S.C. § 1921(b). "Such fees shall, to the

8

extent practicable, reflect the actual and reasonable cost of the service provided." *Id.*
"The United States Marshals Service shall routinely collect fees of $65 per hour for
process served or executed personally for each item served, plus travel costs and out-of-
pocket expenses." 28 C.F.R. § 0.114(a)(3).

As listed on the itemized bill for costs, Plaintiff seeks to collect $41.00 for each
item served on each defendant. [ECF No. 24-1, pp. 2, 3]. The $41.00 service-of-process
fee reflects a reasonable rate when compared to the routinely collected $65.00 fee by the
Marshals. *See W&O, Inc.*, 213 F.3d at 624.

But Plaintiff's first attempts to serve Defendants, totaling $82.00, were
unsuccessful. Therefore, Plaintiff incurred a $75.00 "locate search fee" to find
Defendants' new address and duplicative service fees of $41.00 for each Defendant to
serve them at the proper address, totaling $239.00. [ECF No. 24-1, p. 2].

Costs incurred by unnecessary, duplicative attempts to serve the same individual
are not recoverable under § 1920. *Nelson v. N. Broward Med. Ctr.*, No. 12–61867–CIV,
2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014); *Tampa Bay Water, v. HDR Eng'g, Inc.*,
2012 WL 5387830, at *18 (M.D. Fla. Nov. 2, 2012). Plaintiff mentioned *in passing* in her
memorandum of law in support of the bill of costs' certificate of good faith conferral
that the duplicative service was due to Defendants' listing of an incorrect address on
Sunbiz.org. But Plaintiff cannot recover duplicate service fees according to *Nelson* and
*Tampa Bay Water*, and she failed to cite to any cases stating otherwise. [ECF No. 24-2, p.

6]. Therefore, the Undersigned finds that she cannot recover costs for the multiple service attempts.

Plaintiff has also failed to cite to any authority indicating that location fees are recoverable under § 1920. *Johnson v. All Am. Check Cashing, Inc.*, No. 13-CV-270-WHB-RHW, 2015 WL 12942084, at *2 (S.D. Miss. Aug. 25, 2015) (finding that movant failed to show that it was entitled to a location fee under § 1920); *Marks Const. Co. v. Huntington Nat. Bank*, No. 1:05CV73, 2010 WL 3418329, at *15 (N.D.W. Va. Aug. 27, 2010) (finding that a location fee is not compensable under § 1920).

As a result, the Undersigned **recommends** that Judge Cooke award the service fees only where service was properly effectuated on Defendants, totaling **$82.00**.

## III.   CONCLUSION

For the reasons stated, the Undersigned **recommends** that the District Court **grant in part** and **deny in part** Plaintiff's motion and **award** Plaintiff **$2,866.50** in attorney's fees ($378.00 less than the $3,244.50 requested) and **$482.00** in taxable costs ($157.00 less than the $639.00 requested), totaling **$3,348.50**.

## IV.   OBJECTIONS

The parties shall have 14 calendar days from the date of this report to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 calendar days from the date of the objection. Failure to timely file objections shall bar the parties from a de novo determination by the District

Judge of an issue covered in the report, and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this report, except upon grounds of plain error and if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

      **RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on June 19, 2018.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**<u>Copies furnished to</u>:**
All Counsel of Record